**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**CHANG LEE,**

    Plaintiff,

v.

**SYMBOL TECHNOLOGIES, INC., and MILWAUKEE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Defendants.

Civil No. 04-1184 (JNE/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Chang Lee, Plaintiff, pro se

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

    The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff Chang Lee's Complaint pursuant to 42 U.S.C. § 2000(e) against Defendants Symbol Technologies, Inc., and Milwaukee Equal Employment Opportunity Commission (Doc. No. 1). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

    Plaintiff filed his Complaint in March 2004 and applied for leave to proceed without prepayment of fees. On March 24, 2004, this Court denied Plaintiff in forma pauperis ("IFP") status, and Plaintiff duly paid his filing fee a

few days later.  The Clerk of Court's docket reveals that a summons was issued as to each Defendant on June 28, 2005.  There was no further action in this case until December 1, 2004, when this Court issued an Order directing Plaintiff to file proof of service of his Complaint by no later than December 20, 2004.  The Order of December 1 cautioned Plaintiff Lee that failure to comply may result in a recommendation of dismissal of the action for failure to prosecute.

      The docket reflects that on December 3, 2004, a copy of return receipt cards addressed to Defendant Milwaukee Equal Employment Opportunity Commission ("EEOC") were filed.  No explanation of any sort accompanies the return receipt cards, and no such cards were filed indicating attempted service of Plaintiff's Complaint on Defendant Symbol Technologies, Inc.

      Hence, on January 12, 2005, this Court issued an Order stating the Court's understanding that more than 120 days had elapsed since suit was filed, but that no appearances had been entered by any Defendant.  The Court accordingly ordered "counsel for Plaintiff" to either (1) notify defense counsel immediately that he or she is required to make a motion or submit a stipulation for an extension of time to answer to otherwise plead, (2) file an application for entry of default unless the required responsive pleading is filed within ten days, or (3) advise this Court in writing of any good cause to the

contrary.  The Court again warned Plaintiff Lee that failure to comply with the Order within twenty days may result in dismissal of the action for failure to prosecute.

On January 21, 2005, the Court received a letter from Mary L. Trippler, Esq., Assistant U.S. Attorney, on behalf of Defendant EEOC.  Counsel Trippler stated that the EEOC had not made an appearance in this matter because neither it nor the Department of Justice had been appropriately served with the Complaint as required by Federal Rule of Civil Procedure 4(i).  Counsel acknowledged that Lee had mailed to the EEOC a copy of the Complaint with a request for waiver of service in June 2004, but represented that the EEOC had declined to waive service.  Counsel attached to her letter to the Court a letter that she had written to Plaintiff on August 26, 2004 explaining that the EEOC had declined to waive service and providing him with the text of Rule 4(i) so that he could accomplish service if he chose to proceed against the EEOC.  The letter of August 26 also notified Lee of the EEOC's intent to move for dismissal for failure to state a claim should he choose to pursue his claims against the agency.  The letter to Plaintiff Lee asserted the EEOC's legal position that there is no possible express or implied action against it for an alleged failure to investigate or process an employment discrimination case, and included applicable case law.

As of the letter of January 21, 2005, Counsel Trippler represented to this Court that because neither the EEOC nor the Department of Justice had been served with the Complaint, the EEOC assumed that Plaintiff had elected to not proceed against the agency. Likewise, because it had not been properly served, the EEOC had not answered or otherwise plead. The Court has received no communication from Defendant Symbol Technologies, Inc.

On January 31, 2005, the Court received a letter from Plaintiff Lee requesting additional time to comply with this Court's Order of January 12. Plaintiff expressed confusion over the Order's direction that "counsel for plaintiff" take action. Hence, in a letter to Plaintiff Lee and counsel Trippler, the Court granted Plaintiff an extension and directed him, either on his own or through counsel, to comply with the Order of January 12 by no later than February 22, 2005. Plaintiff Lee was reminded for the third time that failure to comply could result in dismissal of his action for failure to prosecute.

Three weeks later, this Court received a letter from Plaintiff dated February 18, 2005. Plaintiff stated that he was having difficulty finding an attorney and asked the Court's assistance in securing counsel. In response, on February 22, this Court sent another letter to Plaintiff and counsel Trippler. The Court explained to Plaintiff that unlike criminal cases, a person filing a civil case has no right to an appointed lawyer. However, as is

customary, this Court provided Plaintiff with detailed information regarding how to seek assistance from the Volunteer Lawyers Network ("VLN").

The letter of February 22 also granted Plaintiff Lee an additional extension for complying with the Order of January 12. Plaintiff was directed to comply by no later than March 22, 2005. The letter closed with the following statement in bold typeface: **"To clarify, the deadline set for Mr. Lee is not for him to obtain counsel, but for him to make a showing of proof of proper service or to take action against Defendants for not responding, as explained in the Order of January 12."** The Court forwarded a copy of the letter to the VLN, along with a copy of Plaintiff's Complaint.

The Court received a letter from Plaintiff Lee on March 22, 2005 seeking a third extension for complying with the Order of January 12. The Court did not respond to Plaintiff by letter.

Despite repeated extensions and warnings regarding the ramifications of failure to follow the Court's Order, neither this Court nor the Clerk of Court have received anything from Plaintiff responsive to the Order of January 12, 2005. Accordingly, the Court recommends that this action be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's entire action be **DISMISSED**.

Dated: April 21, 2005

    s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by May 10, 2005, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  All briefs filed under this rule shall be limited to ten pages.  A judge shall make a de novo determination of those portions to which objection is made.